UNITED STATES DISTRICT COURT | DISTRICT OF MASSACHUSETTS

Dan Howitt (pro se),
                    Plaintiff,                                                                      1:25CV10099LTS
v
Elizabeth Morse,
                    Defendant.

FINAL ADDENDUM TO PLAINTIFF'S #71 MOTION FOR DEFAULT JUDGMENT ETC

PREFACE:    I invoke the following decisions in support of my #71 Motion:

*Malaro, et al. v. Roger Wilkie, Jr., Builder, Inc.* (Civil Action No. 22-10548-NMG) (Sept. 5, 2025):  A decision from the District of Massachusetts in which the court ordered a default judgment against a defendant contractor for consistently violating discovery deadlines and ignoring four court orders.

*State Farm Mutual, Automobile Insurance Co., v Max Rehab Physical Therapy, LLc, Et Al.* No.: 18-13257 (E.D. Mich. June 28, 2021):  Before the Magistrate Judge was the issue of Defendants' repeated violations of Plaintiff's discovery requests and various court orders.

*Costa v. Saki, LLC* (2022):  The court found that defendants showed unwillingness to participate in discovery in good faith, and engaged in "repeated failures to respond" to court orders.

*Freeman v. Giuliani* (2023):  The court granted a default judgment against the defendant for stonewalling, failing to produce documents, and violating court orders.

*Red Wolf Energy Trading, LLC v. Bia Capital Management, LLC* (2022):  The court issued a default judgment after defendants continuously failed to produce documents and complied with court orders.

The following adds specificity to, and further demonstrates, the chronic rule-violative culpability, via chronic evasion, neglect, and contrivance, of both of the defendant's attorneys, including FRCP 34 regarding my not being provided 30 days to obtain my discovery material for the deposition.

1          In my #71 Motion, regarding the defendant's attorney Stephen Greenbaum, and all that I present about him, the defendant's other attorney, Erika Petkov, who has been conducting this case for the defendant, is an attorney of Mr. Greenbaum's law firm.  His email address is sagreenbaum@greenbaumnagel.com (as I provide in exhibits), and one of her email addresses (as is seen in the below exhibit-excerpt) is epetkov@greenbaumnagel.com.  Both are of the Greenbaum Nagel law firm.

1



**Plaintiff's Motion for Default Judgment**

Erica Petkov <EPetkov@greenbaumnagel.com>                    Thu, Mar 12, 2026 at 3:12 PM
To: "dancambridge0@gmail.com" <dancambridge0@gmail.com>
Cc: "Stephen A. Greenbaum" <sagreenbaum@greenbaumnagel.com>

Mr. Howitt,

**2**          As I present in my forementioned #71, Mr. Greenbaum has known about, and had my initial fillings for, this case since 1/13/25.  He also stated that the defendant is his client.  Given that Ms. Petkov is of his law firm, there is no excuse that Mr. Greenbaum (who, as I present in #71, emailed with me in 5/30/25), or another attorney of his law firm, did not arrange for the defendant's summons to be responded to within 21 days.

**3**          Ms. Petkov states in her below 7/14/25, Document #25, motion for a time-extension to respond to the defendant's summons that Mr. Greenbaum in April 2025 "fractured his hip" and "has not been able to return to work" and that she "only learned today that plaintiff had apparently served defendant via e-mail".  However, again, Mr. Greenbaum knew of all of the above from 1/13/25 onward, and, emailed with me about the service issue on 5/30/25.  As such, Ms. Petkov falsely states that he was not working, and, clearly falsely states that it was not until 7/14/25 that she learned that I served the defendant (per my Document #23, I served the defendant on 6/18/25, which included service to Mr. Greenbaum).  Mr. Greenbaum, who is the defendant's contracted attorney, knew that I served the defendant and him on 6/18/25, and it was his responsibility to, and he surely did, inform Ms. Petkov, or another person of his law firm, about the summons, and he could have done a simple response to it before the 21 deadline to request a time-extension.  Moreover, given that Ms. Petkov is of his law firm, surely she knew about this, or Mr. Greenbaum could have informed her about this. They are responsible.

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

Civil Action No. 1:25-cv-10099-LTS

DAN HOWITT,                          )
                                     )
    *Plaintiff,*                     )
                                     )
v.                                   )
                                     )
ELIZABETH MORSE,                     )
                                     )
    *Defendant.*                     )
                                     )

**MOTION FOR EXTENSION OF TIME TO FILE RESPONSIVE PLEADING**

NOW COMES DEFENDANT, Elizabeth Morse, and moves for an extension of time in which to serve a pleading responsive to the Amended Complaint. As grounds therefor, defendant states that her attorney, Stephen Greenbaum, fractured his hip in April of 2025 and as of yet has not been able to return to work. Undersigned counsel only learned today that plaintiff had apparently served defendant via e-mail.

WHEREFORE, defendant requests an extension of time up to and including July 30, 2025, to file a responsive pleading.

4       The defendant's attorneys repeatedly violate FRCP, which demonstrates their contempt of court. Mr. Greenbaum in fact was working, and, caustically patronized me in his above mentioned email (also excerpted below) about "the rules" regarding service approximately 3 weeks before his client was served on 6/18/25. Then, Ms. Petkov contrived on 7/14/25 that he was not working, and likely contrived that he was injured: He never stated anything to me about not working, nor being injured, and instead subjected me to mocking derision about "the rules". Then, Ms. Petkov violated FRCP 12(a)(1), and then embarked on the above contrivances.



**5**      Then, as I discuss in my aforementioned #71, Ms. Petkov, despite emailing with me from 7/14/25 onward (below exhibit), stated to the court on 1/12/26 (below second exhibit), without providing any simple verification, including under seal, that since "early November" she was contending with a family death and estate matter.



## UNITED STATES DISTRICT COURT
### DISTRICT OF MASSACHUSETTS

Civil Action No. 1:25-cv-10099-LTS

_____
)
DAN HOWITT,                     )
)
    *Plaintiff*,          )
)
v.                              )
)
ELIZABETH MORSE,                )
)
    *Defendant*.         )
)
_____)

### DEFENDANT'S MOTION TO EXTEND FACT DISCOVERY DEADLINE

NOW COMES Defendant, Elizabeth Morse, and moves the Court for an extension of the discovery deadline for a period of sixty (60) days, up to and including April 1, 2026, to conclude fact discovery. As grounds for this motion, Defendant states as follows:

The current deadline to complete fact discovery is January 31, 2026. To date, neither party has served discovery requests. Unfortunately, due to a death in the family in early November, the undersigned counsel had to travel out of state for the funeral and has been assisting immediate family members in administration of the decedent's estate since that time.

First, here she asks for what would be a total of 90 days (1/4 year) for the typical 30 day discovery process.

Second, as I present in my aforementioned #71,

(a) she did not send me any discovery requests even 30 days prior to the judge's granting of the new 4/1/26 deadline, and still has not (as of 3/18/26),

(b) she states (as I present in my aforementioned #71) in her notice of deposition that there is a "Schedule A" list of material that I am asked to have with me for the deposition, but does not include that Schedule A in the email,

(c) whatever that material is, per FRCP 34 I am provided 30 days to obtain the requested material, and her 3/12/26 notice of her 3/30/26 deposition (below, and presented in my aforementioned #71) does not provide that (she provides me with only 17 days (not counting the day of the deposition).



Third, as is shown in her below auto-reply email to me of 12/7/25, she states that she is returning to work on 12/8/25. She then had from then onward regarding discovery, and instead on 1/14/26 asked the judge for what would be a total of 90 days (to 4/1/26) to complete discovery. Then, she engaged in the aforementioned (and what I present in my aforementioned #71) additional many violations of FRCP: she violated the judge's deadline order regarding the 30 day pre 4/1/26 deadline, she violated the above FRCP regarding that 30 day deadline, she (this time) did not even file for a time-extension and instead decided to attempt to abuse me as a pro se by not only expecting me to bring whatever "Schedule A" asks of me, but in 17 days, and, she abusively concurrently not only denies my disability request of her and the court (via my motion) for me to attend the deposition by computer/zoom but files a motion to compel me to do so. She is concurrently remorseless about her chronic violations, and abusive regarding my simple request regarding the deposition. And these are further bases for the court to grant me what I ask in my aforementioned #71. The accretion of her violations, evasions

of responsibility, absence of remorse, underhanded attempt to abscond with the recent two violations, and

abusive denial of my disability based request for a computer/zoom deposition, are what is relevant.



6        The defendant has failed to produce any documents in response to my 1/9/26 two interrogatories,

as I present in my aforementioned #71.

7        The Boston College Federal Pro Se Legal Clinic stated that an entry of default, and default

judgment, and dismissal of the defendant's counterclaim, are more than warranted for this case.  And there is

abundant case discussion that demonstrates this as well, some of which I provide above.

Submitted by,

Dan Howitt, 3/18/26

**Certificate Of Service & Local Rule 7.1 Compliance:** Today I served by efile the defendant's attorneys Erica Petkov and
Stephen Greenbaum.  Ms. Petkov responded to my emails and in my requested telephone call with her on 3/17/26 to the
issues of this motion by stating, without providing any substantive reasons, that she will request a gatekeeping order
against me.