UNITED STATES DISTRICT COURT | DISTRICT OF MASSACHUSETTS

Dan Howitt (pro se),
             Plaintiff,                                                      1:25CV10099LTS
v
Elizabeth Morse,
             Defendant.

### THIRD MOTION FOR DEFAULT JUDGMENT & DISMISSAL OF COUNTERCLAIM

Via yet again ignoring FRCP 12, the defendant ignored the below Document 65 order of J. Sorokin to respond to my Document 64 of 3/12/26 by 3/18/26.  Whereas I quickly filed an brief addendum to my Document 64 on the same day, the order was still in effect.  The defendant has not responded in any way to the court, and it is 14 days past the order.  (Yet, the defendant recently contacted the judge's courtroom clerk by email asking for action to be taken regarding the deposition; and the clerk, and judge, rapidly responded, despite that each time that I email the same courtroom clerk, and others, including regarding simpler, and more complex, issues, I am rapidly told that emailing such requests is improper, and that I must file my requests).

| 03/12/2026 | 65 | District Judge Leo T. Sorokin: ELECTRONIC ORDER entered re: 64 First MOTION to Compel & *Motion For Sanction*.<br><br>The defendant shall respond to this motion by March 18, 2026. (FGD) (Entered: 03/12/2026) |

In my motions for default judgment, I itemize the contempt natured violations of the defendant of not only basic FRCP, but of the judge's orders.  And the above is yet another violation, which demonstrates further contempt of FRCP and court.  And, the defendant has concurrently filed for action to be taken against me (regarding my having demonstrated its chronic unending contemptful conduct).  Clearly it thinks that it can abscond with any violations that it desires.  It has discontinued its contrivances about its needs for time-extensions, and now has elected to not even attempt to file such motions, and to instead simply ignore FRCP and the court's orders.

In the first and only hearing for this case, I presented to J. Sorokin the abusive nature of the defendant's attorney Erika Petkov, and that abuse has proliferated, including abuse of FRCP, the court, and I.  The defendant cannot abscond with this staggering number of violations.  I provided several case decisions on such defendant conduct that resulted in default judgments.  Without question, if I had done even 10% of what the defendant has, of course I would have received strenuous warnings by the court, and the defendant would have filed strenuous filings about me, and I would have been repeatedly directed to study the relevant FRCP and to contact the Boston College Federal Pro Se Clinic for assistance.  Instead, since an attorney is doing this, it appears that she is being permitted to abscond with whatever she wants, to the extent that even after my motions for default judgment, she feels comfortable with violating the judge's order yet again.

I was told that I should appeal an additional denial of my motion for default judgement, given what has occurred.

1

Lastly, regarding this deposition issue, in my filings I discuss this extensively, namely the profuse FRCP violations, and violations of the judge's orders, including that (a) I was not provided with the defendant's discovery request at least 30 days prior to 4/1/26, and instead was provided a fraction of that time, (b) I have still not been provided the discovery request, (c) defendant has not, despite having months, provided me with my discovery production, which I needed months ago to embark on further discovery via subpoena.

Defendant has absconded with all of the above, with no reprimand, and is now absconding with this deposition issue. And since I have no discovery request, I would not have anything to have with me at the deposition. As such, what is the purpose of my Motion To Attend Deposition By Computer/Zoom, if there is no purpose to the deposition. The defendant continues to engage in evasion by not even providing me with its discovery request, despite that I, weeks ago, notified it and the court about this via my filings and exhibits. This is yet another method of the defendant to cause this case to extend months after months for the simplest issues. It clearly desires to cause maximal delays via calculated evasive conduct, and has a ghastly lack of remorse, including filing that I should be reprimanded for bringing forwards its profuse misconduct. I am not amenable to being abused just because I am pro se, and I expect the court to treat the defendant as it would treat me if I was a pro se defendant. The defendant's attorney has committed far to many violations, over far too long, and it is time for it to discontinue via a default judgment and dismissal of its counterclaim, or time for me to receive another denial so that I can appeal this, which has been recommended to me by a different pro se clinic that I recently began working with, and a pro bono attorney.

Submitted by,

Dan Howitt, 3/30/26
Certificate Of Service: Today I served this document by efile the defendant's attorneys.