UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DAN HOWITT,<br><br>       Plaintiff,<br><br>v.<br><br>ELIZABETH MORSE,<br><br>       Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)  Civil Action No. 25-10099-LTS<br>)<br>)<br>)<br>)<br>)<br>) |

ORDER ON PLAINTIFF'S MOTION TO ATTEND DEPOSITION BY ZOOM
AND DEFENDANT'S MOTION TO COMPEL DEPOSITION IN PERSON
[Docket Nos. 68, 72]

April 7, 2026

Boal, M.J.

The parties have filed competing motions regarding plaintiff Dan Howitt's deposition.

Howitt has moved for an order that his deposition be taken by Zoom while defendant Elizabeth

Morse has moved to compel Howitt to attend his deposition in person.  Docket Nos. 68, 72.[1]  For

the following reasons, this Court denies Howitt's motion and grants Morse's motion.

I.      RELEVANT BACKGROUND

On January 16, 2026, Judge Sorokin granted Morse's motion for an extension of the fact

discovery deadline.  Docket No. 56.  Specifically, Judge Sorokin ordered that fact discovery be

completed by April 1, 2026 and reminded the parties that "under the governing scheduling order,

all discovery requests must be served in advance of the end of fact discovery and sufficiently in

advance to allow a timely response under the Rules to occur before the close of fact discovery

---

[1] On March 13, 2026, Judge Sorokin referred this case to the undersigned for full pretrial
management.  Docket No. 69.

1

(for example, all document requests must be served at least thirty days prior to the close of fact discovery)." Id. Judge Sorokin also warned the parties that they should not anticipate any further extensions of the fact discovery deadline. Id.

On March 12, 2026, defendant's counsel served a notice of deposition on Howitt. See Docket No. 71 at 12-14. The notice instructed Howitt to appear for a deposition on Monday, March 30, 2026 at 1:00 p.m. at the offices of defendant's counsel in Boston, Massachusetts. Id. at 12. The notice also stated that "[p]ursuant to Fed. R. Civ. P. 30(b)(2) and 34, the witness is required to bring with him to his deposition the documents and things requested in Schedule A hereto." Id. According to Howitt, no Schedule A was attached to the notice. See Docket No. 71 at 10. According to Morse, Howitt was "separately served with a subpoena duces tecum ordering him to bring documents with him to the noticed deposition." Docket No. 72 at 1.

On March 12, 2026, Howitt filed a motion requesting that he be allowed to attend his deposition by video or Zoom "due to my disability circumstance." Docket No. 68. Howitt did not explain why his disability would prevent him from attending the deposition in person. However, he stated that he "could submit under seal, with the court's leave, medical records and a statement why I cannot attend the deposition in person." Id.

On March 16, 2026, Morse filed a motion to compel Howitt to attend his deposition in person. Docket No. 72. Morse represented that her counsel's office is located approximately one mile from Howitt's residence. Id. at 2.

On March 26, 2026, this Court issued an order directing Howitt to file, under seal, a statement and medical records in support of his request to attend the deposition by Zoom. Docket No. 80. This Court also stayed the deposition pending a ruling on the parties' competing motions. Id.

On April 3, 2026, Howitt filed under seal a statement and certain medical records in support of his request.  Docket No. 83.

II.    DISCUSSION

Rule 30(b)(4) of the Federal Rules of Civil Procedure provides for the taking of a deposition by remote means only if the parties so stipulate or if a court so orders.  Fed. R. Civ. P. 30(b)(4).  Here, the defendant has not agreed to take the deposition by remote means.  This Court agrees that remote depositions are generally inferior to live, in person depositions.  Among other things, counsel's ability to observe Howitt's demeanor and assess his credibility in real time is essential to conducting an effective deposition.

Howitt's assertions of a disability and medical issues without tying those issues to his inability to sit for a deposition do not qualify as a legitimate reason to allow a remote deposition. Having reviewed Howitt's statement and medical records, this Court finds that Howitt has failed to show that a remote deposition is warranted here, especially where the location of the deposition is approximately one mile from Howitt's residence.  Howitt must therefore attend his deposition in person.

This Court notes, however, that Morse apparently served requests for production of documents with the notice of the deposition and/or a subpoena.  See Docket No. 71 at 10; Docket No. 72 at 1.  Howitt maintains that he has not received such requests.  Docket No. 71 at 10. While Rule 30(b)(2) allows a party to serve a request for production of documents to another party at the same time as a notice of deposition to that party is served, the request for production of documents must comply with the provisions of Rule 34 of the Federal Rules of Civil Procedure.  See Contardo v. Merrill Lync, Pierce, Fenner and Smith, 119 F.R.D. 622, 624 (D. Mass. 1988).  Under Rule 34, a party has thirty days to serve a response to the request.  Fed. R.

3

Civ. P. 34(b)(2)(A).  Here, Morse served the notice of deposition 18 days prior to the date of the deposition, giving Howitt less than 30 days to respond to the request for documents.  In addition, any requests for production of documents had to be served by March 2, 2026 in order to comply with Judge Sorokin's order that discovery requests be served at least 30 days prior to the fact discovery deadline.

Accordingly, this Court orders Howitt to appear for a deposition at a mutually agreeable date within the next 14 days at the offices of defendant's counsel.  Howitt need not bring any documents to the deposition.

III.     ORDER

For the foregoing reasons, this Court denies Howitt's motion to attend his deposition by Zoom and grants Morse's motion to compel Howitt's deposition in person.

  /s/ Jennifer C. Boal
JENNIFER C. BOAL
U.S. MAGISTRATE JUDGE

4