UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DAN HOWITT,<br><br>          Plaintiff,<br><br>v.<br><br>ELIZABETH MORSE,<br><br>          Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)   Civil Action No. 25-10099-LTS<br>)<br>)<br>)<br>)<br>)<br>) |

ORDER ON DEFENDANT'S MOTION FOR GATEKEEPING
ORDER ENJOINING PLAINTIFF FROM FILING FURTHER
<u>MOTIONS FOR DEFAULT JUDGMENT OR SANCTIONS</u>
[Docket No. 74]

April 7, 2026

Boal, M.J.

Defendant Elizabeth Morse has filed a motion for a gatekeeping order requiring <u>pro se</u> plaintiff Dan Howitt to obtain leave of court before filing any further motions for default judgment, entry of default, or sanctions. Docket No. 74.[1] For the following reasons, this Court grants the motion.

I.     <u>RELEVANT BACKGROUND</u>

Howitt filed this action on January 13, 2025. Docket No. 1. He filed an amended complaint on May 26, 2025. Docket No. 17.

On June 18, 2025, Judge Sorokin granted Howitt's motion to serve the amended complaint by email. Docket No. 22. That same day, Howitt filed a return of service. Docket

---

[1] On March 13, 2026, Judge Sorokin referred this case to the undersigned for full pretrial management. Docket No. 69.

No. 23.  According to the return of service, Morse's answer was due on July 9, 2025.  Id.

On July 15, 2025, Judge Sorokin granted Morse's motion for an extension of the time to file an answer or other responsive pleading until July 30, 2025.  Docket No. 26.  On July 21, 2025, Howitt filed a motion for entry of default.  Docket No. 27.  Judge Sorokin denied the motion on July 22, 2025, noting that "Plaintiff cannot default defendant for failure to file a response to the amended complaint when the time for filing a response is not yet due."  Docket No. 28.

Judge Sorokin denied Morse's motion to dismiss on September 30, 2025.  Docket No. 33.  Morse filed an answer and counterclaim on November 7, 2025.  Docket No. 41.

On December 11, 2025, Howitt filed a motion for entry of default because Morse did not file initial disclosures by the November 14, 2025 deadline.  Docket No. 47.  Judge Sorokin denied the motion on December 16, 2025 because Morse had timely served initial disclosures on Howitt and the filing of such initial disclosures with the Court is neither required nor the ordinary practice.  Docket No. 49.

On March 11, 2026, Howitt filed a motion to compel and for sanctions.  Docket No. 64.  On March 12, 2026, Howitt filed an "addendum" to the motion, requesting that the Court issue a default judgment against Morse.  Docket No. 66.  On March 13, 2026, Judge Sorokin denied the request for default judgment and referred the case to the undersigned for full pretrial management, including resolution of the pending motions.  Docket No. 69.

On March 16, 2026, Howitt filed another motion for default judgment.  Docket No. 71.  As Judge Sorokin had already denied substantially identical requests several times and Howitt had not raised any new facts and/or legal authority, this Court recommended that Judge Sorokin deny the motion.  See Docket No. 86.

2

On March 17, 2026, Morse filed the instant motion.  Docket No. 74.  Since then, Howitt has filed two additional motions for default judgment and dismissal of Morse's counterclaim. Docket Nos. 81, 82.   This Court has also recommended denial of these motions for default judgment and dismissal of Morse's counterclaim.  See Docket No. 86.

II.      DISCUSSION

"A district court has the power to enjoin litigants who abuse the court system by filing groundless and vexatious litigation."  Siri v. Town of Hingham, 662 F.Supp.3d 44, 49 (D. Mass. 2023) (citations omitted).  "Vexatious conduct occurs where a party's actions are 'frivolous, unreasonable, or without foundation' even without the presence of 'subjective bad faith.'"  Id. (citations omitted).

Howitt has now filed six motions seeking entry of default or default judgment, each presenting essentially the same arguments that have already been rejected by the Court.  The fourth motion was filed just three days after Judge Sorokin denied an essentially identical motion.  The last two were filed in rapid succession after Morse had already filed the instant motion.  The Court has expended significant resources adjudicating Howitt's repetitive motions. Such conduct therefore qualifies as vexatious.

Morse's proposed order is narrowly tailored.  Morse does not seek to bar Howitt from filing any motions in this case. Rather, Morse requests that Howitt be enjoined from filing further motions for entry of default, default judgment, dismissal of Morse's counterclaim, or sanctions without leave of Court.  This Court finds such an order is appropriate under the circumstances.

III.     ORDER

For the foregoing reasons, this Court grants Morse's motion for a gatekeeping order.

Howitt must seek leave of Court before filing any motions for (1) entry of default, (2) default judgment, (3) dismissal of Morse's counterclaim as a sanction, or (4) sanctions against Morse. Requests for leave to file such motions must be accompanied by a certification that the motion presents new facts or legal arguments not previously considered by the Court.

/s/ Jennifer C. Boal
JENNIFER C. BOAL
U.S. MAGISTRATE JUDGE