UNITED STATES DISTRICT COURT | DISTRICT OF MASSACHUSETTS

Dan Howitt,
                          Plaintiff,                                                    1:25CV10099LTS
v
Elizabeth Morse,
                          Defendant.

**PLAINTIFF'S APPEAL BRIEF TO DISTRICT COURT OF J BOAL'S #85 AND #98 DENIALS OF PLAINTIFF'S #68 MOTION, AND #97 MOTION FOR RECONSIDERATION, TO ATTEND DEPOSITION REMOTELY**

1        Undue Burden:  Federal courts frequently determine that the advantages of remote technology allow full participation without meaningful prejudice, noting that relying on a general preference for in-person depositions rarely succeeds against case-specific medical reasons.

2        J. Boal does not acknowledge the *entirety* of my #97 motion for reconsideration, namely my several statements about, and my medical records about, a relatively recent and ongoing severe shoulder injury caused by electrical shock.  I am not able to attend the deposition in person due to this.  It is obvious why. There are two substantial tears of the right shoulder, there is significant pain, there is significant movement elicited pain, I cannot sit upright, I have to have my arm propped in various ways and at various times, and traveling to a location that is roundtrip 6 miles away (via car roads) will involve eliciting significant pain which I will then have to endure at the deposition, in addition to the usual pain.

3        J. Boal regularly ignores FRCP 8(e) and *Erickson v Pardus*; and if she is relying entirely on my admittedly brief #68, but where I state that I would file medical records if the court would like, my motion for reconsideration provides an abundance of additional discussion and records.  If J. Sorokin would like me to begin this issue anew with a new starting motion, please apprise me.

4        My above injury alone is sufficient to warrant a remote deposition.

5        J. Boal appears to lack empathy in stating that I can simply hire private transportation for a 6 mile roundtrip (by car) travel of $30+, which I cannot:  She seems to ignore my clearly and abundantly described financial limitations.

6        I am now receiving the other medical care that I presented with Boston Medical Center and no longer with MGH, and have asked for a letter-record from that department, which more precisely can address a problem like this (and I will be limiting the language that I use in my filings to this general language, in order to

try to avoid ongoing  humiliation due to my filings, and I ask that the court also limit using florid language

about this kind of issue, where general language, such as "limitations" can be used out of basic humanity), and

am awaiting that record.

7          I should not have to endure appealing this simple matter to the first circuit appeals court.

Submitted by,

Dan Howitt, 5/18/26
Certificate Of Service:  Today I served this document via efile to defendant's attorney Erika Petkov