**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| DAN HOWITT,        ) | |
|      ) | |
|    Plaintiff,      ) | |
|      ) | |
| v.      ) | Civil Action No. 1:25-cv-10099-LTS |
|      ) | |
| ELIZABETH MORSE,      ) | |
|      ) | |
|    Defendant.      ) | |
|      ) | |

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO**
**MODIFY THE SCHEDULING ORDER TO DEPOSE THE DEFENDANT**
**AND A NON-PARTY AFTER THE CLOSE OF DISCOVERY**

Defendant Elizabeth Morse ("Morse") respectfully submits this Opposition to plaintiff

Dan Howitt's "FRCP Rule 16(b)(4) Motion to Modify Scheduling Order to Depose Defendants

Late" (Docket No. 113) (the "Motion"). The Motion should be denied.

## I.   INTRODUCTION

Fact discovery in this case closed on April 1, 2026. Docket No. 56. That deadline was set

by the Court (Sorokin, J.) over Howitt's objection, with an express warning that no further

extensions should be anticipated. Now, nearly ninety days after the close of fact discovery,

Howitt asks the Court to reopen discovery so that he may take up to sixteen hours of deposition

testimony—four days, four hours per day—from each of two witnesses: Morse and her husband

Ron Feldman who is not a party to this action. Howitt offers no good cause for his delay, only

the conclusory assertion that unspecified "medical problems" prevented him and that he could

not "find someone to assist" until "recently."

The Motion should be denied for three independent reasons. First, Howitt cannot satisfy Rule 16(b)(4)'s good-cause standard, which turns on the diligence of the party seeking relief; Howitt sat on his deposition rights throughout the entire discovery period and offers nothing but vague, unsupported excuses to explain his delay. Second, the Motion is a transparent attempt to wield the discovery deadline as both a sword and a shield: Howitt invokes the closed discovery period to refuse to sit for his own deposition—which this Court has twice ordered him to attend—while simultaneously asking the Court to set that very deadline aside so that he may depose others. A litigant cannot have it both ways. Third, the Court cannot order the deposition Howitt seeks of Ron Feldman, because Feldman is not a party to this case and is not subject to a party deposition or to a scheduling-order modification.

## II.   BACKGROUND

Howitt, proceeding pro se, asserts claims of housing discrimination under the Fair Housing Act, 42 U.S.C. § 3601 et seq., the Americans with Disabilities Act, 42 U.S.C. § 12182, and M.G.L. c. 272, § 98, arising from Morse's alleged refusal to rent to him. Morse is the only defendant.

**The fact-discovery deadline closed on April 1, 2026.** On January 16, 2026, the Court (Sorokin, J.) granted Morse's motion to extend the fact-discovery deadline, set a deadline of April 1, 2026, and warned the parties not to anticipate any further extensions. Docket No. 56. That deadline came and went nearly three months ago. Howitt did not notice or take a single deposition during the discovery period, nor did he move to extend the deadline for that purpose before it expired.

**Howitt has refused to sit for his own court-ordered deposition.** The only deposition that remained to be completed after April 1 was Howitt's own—and only because the Court

ordered it. After Howitt moved to be deposed remotely, the Court denied that request and ordered him to appear in person at the offices of defendant's counsel. Docket No. 85 (Apr. 7, 2026). Howitt moved for reconsideration; the Court again ordered him to appear in person. Docket No. 98 (May 15, 2026). Howitt has nonetheless refused to appear, most recently failing to attend his duly re-noticed deposition on June 18, 2026. In other words, the only reason any deposition was permitted to go forward after the April 1 cutoff is that the Court twice ordered Howitt to sit for his.

**Howitt's eleventh-hour demand to depose Morse and a non-party.** On June 23, 2026—more than eighty days after the close of fact discovery—Howitt emailed defendant's counsel demanding that Morse and "Mr. Feldman" be produced for webcam depositions "by 7/23/26," to span "4 days, at 4 hours each day for each person." Counsel objected the next day, explaining that the discovery period had lapsed nearly ninety days earlier and that the proposed depositions were not agreeable in any fashion. Howitt then filed the present Motion on June 24, 2026, seeking leave to take those depositions out of time. Docket No. 113.

## III.   ARGUMENT

### A.   Howitt Cannot Establish Good Cause Under Rule 16(b)(4) Because He Was Not Diligent.

A scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). In this Circuit, the good-cause inquiry "focuses on the diligence (or lack thereof) of the moving party more than it does on any prejudice to the party-opponent." Steir v. Girl Scouts of the USA, 383 F.3d 7, 12 (1st Cir. 2004). "Particularly disfavored are motions to amend whose timing prejudices the opposing party by requiring a re-opening of discovery with additional costs." Id. The touchstone is whether the deadline "cannot reasonably be met despite the diligence of the party seeking the extension." *O'Connell v. Hyatt Hotels of P.R.,* 357 F.3d

152, 155 (1st Cir. 2004) (internal quotation marks omitted). Indifference by the moving party "seal[s] off this avenue of relief irrespective of prejudice because such conduct is incompatible with the showing of diligence necessary to establish good cause." Id.

Howitt cannot make that showing. He had the entire discovery period in which to notice and take the depositions he now seeks, yet he took none and sought no timely extension for that purpose. His Motion offers only two excuses, neither of which establishes diligence. He first invokes unspecified "medical problems," but he supplies no detail, no documentation, and no explanation of how any condition prevented him from noticing a deposition at any point over the many months discovery was open. He next says he could not "find someone to assist" him with depositions until "recently," but the inability to line up assistance for one's own litigation tasks is not good cause to reopen a closed discovery period—least of all where the deadline was fixed months in advance with an express warning that no further extensions would be granted. "The longer a plaintiff delays, the more likely the motion … will be denied, as protracted delay, with its attendant burdens on the opponent and the court, is itself a sufficient reason" to deny relief. Steir, 383 F.3d at 12. Howitt's nearly three-month delay, unexplained by any showing of diligence, is fatal to the Motion.

**B.   Howitt Impermissibly Seeks to Use the Discovery Deadline as Both a Sword and a Shield.**

The Motion should also be denied because it asks the Court to bless a maneuver no litigant is entitled to: using the same discovery deadline as both a sword and a shield. On the one hand, Howitt treats the closed discovery period as a shield, refusing to sit for his own deposition and resisting the Court's orders compelling his attendance while complaining that the defendant is causing delay. On the other hand, he asks the Court to wield that very deadline as a sword on

his behalf—setting it aside so that he, and he alone, may take additional depositions long after the period closed. He would, in effect, have the discovery period be over when it suits him and open when it does not.

That position cannot be reconciled with basic fairness or with the orderly management of discovery. Howitt has been ordered twice to appear for his deposition, see Docket Nos. 85, 98, and the only reason any deposition could proceed after April 1 is that the Court ordered his. He cannot accept the benefit of the closed-discovery rule—invoking the passage of time to excuse his own noncompliance—while asking the Court to relieve him of the very same rule so that he may pursue discovery of his choosing. A party who flouts the Court's discovery orders is in no position to ask the Court to expand his own discovery rights. If the deadline has meaning enough to govern Morse's entitlement to depose Howitt—and the Court has held that it does—it has equal meaning as to Howitt's belated request to depose Morse.

**C.  The Court Cannot Order the Deposition of Ron Feldman, Who Is Not a Party.**

Independent of timing, the Motion fails as to one of the two witnesses Howitt seeks to depose because Ron Feldman is not a party to this action. The only defendant in this case is Elizabeth Morse. Howitt's Motion is styled as a motion to "depose defendants" and invokes Rule 16(b)(4)'s scheduling-order standard and the rules governing party discovery, but those provisions cannot reach a non-party. A party may compel another party's attendance at a deposition by notice under Rule 30; a non-party, by contrast, may be compelled to attend only by subpoena under Rule 45. Modifying the scheduling order would do nothing to subject Feldman—who is not before the Court—to a deposition, and the Court cannot order a non-party to sit for examination on the strength of a Rule 16 motion directed at the parties' scheduling order.

Any attempt to depose Feldman by subpoena would in any event be barred by the same closed discovery period that bars the late party depositions Howitt seeks. The point for present purposes is narrower and dispositive: the relief Howitt requests as to Feldman—an order modifying the parties' scheduling order so that he may depose "defendants"—cannot be granted because Feldman is not a defendant and is not a party. The Motion should be denied insofar as it seeks to compel Feldman's deposition.

**D.    Rule 60, Rule 8(e), and Erickson v. Pardus Provide No Basis for the Relief Sought.**

The additional authorities Howitt invokes do not supply the good cause Rule 16(b)(4) requires. Howitt cites "Rule 60(a)(2)" for "leave … to depose defendants," but Rule 60 governs relief from a "final judgment, order, or proceeding"—it is not a vehicle to reopen discovery or to modify a scheduling order, and there is no subsection (a)(2). Fed. R. Civ. P. 60. Rule 8(e), which provides that "[p]leadings must be construed so as to do justice," concerns the construction of pleadings and has nothing to do with the late reopening of discovery. Fed. R. Civ. P. 8(e).

Nor does Howitt's pro se status excuse his delay. *Erickson v. Pardus*, 551 U.S. 89 (2007), holds only that a pro se litigant's pleadings are to be liberally construed; it says nothing about excusing a pro se party from the deadlines and requirements that govern discovery. The Supreme Court has been explicit that it has "never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel." *McNeil v. United States*, 508 U.S. 106, 113 (1993). The First Circuit is in accord: "pro se status does not insulate a party from complying with procedural and substantive law." *Ahmed v. Rosenblatt,* 118 F.3d 886, 890 (1st Cir. 1997). Howitt's self-represented status entitles him to a liberal reading of his filings; it does not entitle him to reopen a closed discovery period without the good cause every litigant must show.

**E.    The Depositions Howitt Demands Are Independently Improper and Would Prejudice Morse.**

Even setting aside the threshold defects, the specific discovery Howitt proposes is improper on its face and would impose substantial and unwarranted burdens. Howitt demands four days of deposition, four hours per day, for each witness—sixteen hours. The Federal Rules presumptively limit a deposition to "one day of 7 hours." Fed. R. Civ. P. 30(d)(1). Howitt offers no justification for more than doubling that limit for each witness, let alone for doing so after discovery has closed. Reopening discovery on these terms would force Morse to incur significant additional expense and to prepare for and defend marathon depositions that the Court already declined to permit by refusing to extend the deadline further. That prejudice, layered on top of Howitt's ongoing refusal to sit for his own deposition, is reason enough to deny the Motion.

**IV.    CONCLUSION**

For the foregoing reasons, Morse respectfully requests that the Court deny plaintiff's Motion to modify the scheduling order to take late depositions of the defendant and a non-party, and grant such other and further relief as the Court deems just and proper.

Respectfully submitted,
ELIZABETH MORSE,
By her attorney,

/s/ Erica Petkov_____
Erica Petkov (BBO # 681511)
Greenbaum, Nagel, Fisher & Paliotti, LLP
88 Broad Street, Suite 504
Boston, MA 02110
(617) 423-4300
EPetkov@greenbaumnagel.com

Dated: June 26, 2026

**CERTIFICATE OF SERVICE**

I hereby certify that on June 26, 2026, the foregoing document was served upon the

plaintiff, Dan Howitt, via the Court's CM/ECF electronic filing system and/or electronic mail.


/s/ Erica Petkov_____
Erica Petkov