FIRST CIRCUIT APPEALS COURT, MASSACHUSETTS

_____

Dan Howitz,

                         Plaintiff,                                           First Circuit:    _____

v                                                                                  Lower Court:    1:25CV10099LTS

Elizabeth Morse,

                         Defendant.

_____ Defendant.

PLAINTIFF'S NOTICE OF APPEAL:

PLAINTIFF'S ALL WRITS ACT 28 USC s1651, AND FRAP 21, PETITION FOR WRIT OF MANDAMUS REGARDING JENNIFER BOAL'S DENIALS OF VIRTUAL DEPOSITION

1          RELIEF REQUESTED:     I ask First Circuit to vacate the perversions of justice by Ms. Boal's documents 85, 98, 117 denials of my documents 68, 95/97, 109/112 medical motions (and sealed exhibits thereof), to have virtual deposition with defendant.  I ask for leave to file under seal a more complete medical-affidavit statement.

2          ISSUES PRESENTED:     Ms. Boal chronically violated federal disability accommodation mandates, and chronically committed abuse of discretion, by denying my motions for virtual deposition.  Federal courts frequently determine that the advantages of remote technology allow full participation without meaningful prejudice, noting that relying on a general preference for in-person depositions rarely succeeds against case-specific medical reasons.  Marianne Bowler, who has 20 years more experience than Ms. Boal, and who is of my case as plaintiff 1:24CV12994ADB, granted me twice, for two events, via the same motions and exhibits that I provide in this case over time, virtual attendance for two events, despite first requiring, and arguing for, in-person attendance for each event.  I have concurrently filed in district court motion to disqualify/recuse magistrate Ms. Boal, and will file for a Writ Of Mandamus regarding its denial by Ms. Boal.  Leo Sorokin accedes to everything that she does; so appeals to district judge are useless.  118 is my notice of appeal.

3          FACTS OF THE CASE:

          (a)      In my Documents 68, 95/97, 109/112, and exhibits thereof, I provide an abundance of medical bases/records, and my own statements, that, according to the above case 1:24CV12994ADB, are sufficient to warrant virtual attendance, despite the judge of that case stressing the imperativeness of in-person attendance.  For 109/112, I provide a medical record regarding a substantial extent of considerations, which I will not present in this public filing.

          (b)      Ms. Boal via Documents 85, 98, 117 denied my motions.  In 117, she via abuse of discretion, does not, or cannot (due to severe bias, and as such lacking the ability to do so), any reasons for her denial.  In 85 and 98, she via abuse of discretion, and disability discrimination, derisorily belittles my motions and exhibits, including my financial circumstance (which I state in my complaints, and in my fee waiver affidavit).

1

(c)    I had one virtual status-hearing for the above case 1:24CV12994-ADB, on 5/14/26 2:00pm, which was specified by ADB as virtual, and Ms. Boal conducted the hearing, which lasted approximately 8 minutes, and I spoke 2-3 sentences.  She withheld, for one full month, ruling on my 95/97, until the day after that hearing with her 98 denial.  Clearly she desired to wait to observe me to make her denial, and delusively thinks that she is equivalent to a physician, and, that 8 minutes of time, and 2-3 sentences, are an adequate basis for her.  This is consistent with her pervasive abuses, including for this case denying (84) several of my simple interrogatory questions (a) without reasons why, and (b) falsely stating, "Howitt has not shown that Interrogatory No. 4 of his first set of interrogatories seeks relevant information" (I was told by a pro se clinic that this is false; defendant never objected to my interrogatories; my interrogatories are very simple/basic; it is clear that she desires whenever possible to subvert my life).  Moreover, in her 88, she violates FRCP 8(e), Erickson v Pardus, etc, by partly granting defendant's 74 gatekeeper motion:  My motions for default judgment, and sanctions, were clearly motions for reconsideration of one motion for each, and I mistakenly filed each as separate motions; judges are required to realize this of the pro se, especially those with medical limitation; Ms. Boal could have simply clarified the problem by informing me of what I did that was technically incorrect; her desire to issue that order is consistent with her pervasive abuses.

(d)    Leo Sorokin in Document 93 denied my appeal of Ms. Boal's denial, and could not reconstruct her, if any, reasons for her denial, nor could provide his own reasons.

(e)    I began an appeal of Ms. Boal's 98 denial, namely 26-1581, but later learned that, unlike MA State courts, standard interlocutory orders cannot be successfully appealed, and that I would have to accept the dismissal of the case, and then appeal the interlocutory order as an appeal of the dismissal of the case.  Due to this, I defaulted that appeal.  As pro se with medical limitations, I cannot endure Ms. Boal's chronic abuses, and perverting of justice (especially FRCP 8(e), *Erickson v Pardus*, etc), and wait for a dismissal of the case, and then begin an appeal, nor the vast multitude of months of delay due to this.

Submitted by,

Dan Howitt, 7/8/26
Certificate Of Service:  Today I served this document via efile to defendant's attorney Erika Petkov.