UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| DAN HOWITT, Plaintiff, | ) | |
| v. | ) | Civil No. 25-10099-LTS |
| ELIZABETH MORSE, Defendant. | ) | |

MEMORANDUM AND ORDER ON PENDING MOTIONS
AND REPORT AND RECOMMENDATIONS (DOC. NO. 158)

November 4, 2026

SOROKIN, J.

Dan Howitt, representing himself, initiated this lawsuit in January 2025 with a complaint naming two defendants and bringing twenty-two causes of action. Doc. No. 1.[1] Summons issued a month later. Doc. No. 10. In May 2025, Howitt amended his complaint, eliminating one defendant and eighteen causes of action. Doc. No. 17. The pared-down pleading pursued claims of disability discrimination against Elizabeth Morse, who allegedly had rescinded an agreement to rent Howitt an apartment upon learning of his diagnosed mental disorders. The allegations were supported by an email attached as an exhibit to the pleading which Howitt contended was evidence of Morse's discriminatory intent. Doc. No. 17-1.

After Howitt served the amended complaint, Morse moved to dismiss his claims on various grounds. Doc. Nos. 29, 30. The Court denied the motion on September 30, 2025, rejecting each of the challenges Morse had raised. Doc. No. 33. Thereafter, Morse answered the

[1] Citations to "Doc. No. __ at __" identify items appearing on the Court's electronic docket ("ECF") using the document and page numbers that appear in the ECF headers.

complaint and asserted an abuse-of-process counterclaim. Doc. No. 45. A scheduling conference followed, Doc. No. 39, and discovery ensued. Fact discovery concluded on April 1, 2026, Doc. No. 56, and any discovery-related motions were due within seven days of that date, Doc. No. 40 at 2.[2] Cf. Doc. No. 163 at 1 (suggesting implicitly and belatedly that defense failed to disclose certain information).

A few weeks before the end of fact discovery, Morse began trying to schedule Howitt's deposition. Citing his medical conditions, Howitt expressed his preference for a video deposition. Morse objected, viewing an in-person proceeding as more efficient and effective. The parties brought these dueling viewpoints to the Court's attention in a pair of motions filed in mid-March 2026. Doc. Nos. 68, 72. The Court referred the matter to Magistrate Judge Boal for resolution of the pending motions and general pretrial management. Doc. No. 70. In early April 2026, Judge Boal issued a series of rulings resolving various disputes then before her. She compelled Morse to provide responses to certain interrogatories Howitt had served, Doc. No. 84; recommended to this Court that it deny serial motions for default judgment Howitt had filed, Doc. No. 86; enjoined Howitt from filing further motions for default judgment or sanctions absent leave of Court, Doc. No. 88; and rejected Howitt's request for a video deposition, directing him to appear in person within two weeks, Doc. No. 85.

Howitt promptly appealed the last two rulings, Doc. No. 89, which this Court affirmed to the extent the notice of appeal conveyed an objection directed to the undersigned, Doc. No. 93. Meanwhile, Howitt also sought reconsideration of the Order requiring his in-person deposition

---

[2] When the Court extended the discovery deadline from January 31 to April 1 over Howitt's objection (and then denied Howitt's request for reconsideration of that ruling), Howitt filed his first notice of appeal challenging an interlocutory, discovery-related ruling in this case. Doc. No. 59. It would not be his last. See Doc. Nos. 89, 99, 106, 121, 125, 135.

attendance. Doc. No. 97. Judge Boal denied reconsideration on May 15, 2026, and (again) required Howitt to appear for a deposition within fourteen days. Doc. No. 98. Howitt filed more appeals, to the First Circuit and the undersigned, Doc. Nos. 99, 101, and this Court again overruled his objection to Judge Boal's decision, Doc. No. 104. No court stayed Judge Boal's orders requiring him to appear for his deposition.

After Howitt declined to appear for a deposition scheduled in June, Morse sought sanctions.[3] Doc. No. 110. On July 7, 2026, Judge Boal issued a third Order directing Howitt to appear for an in-person deposition within fourteen days. Doc. No. 117. Though Judge Boal declined then to recommend dismissal or impose monetary sanctions, she warned Howitt in no uncertain terms "that failure to appear" as she directed "may result in sanctions, including a recommendation" of dismissal. Id. at 2. Yet again, however, Howitt failed to appear when Morse noticed his deposition in August. See Doc. No. 143. This time, a court reporter was present, exhibits were marked, and Howitt's absence was documented. Doc. No. 143-6. Promptly thereafter, Morse again moved for sanctions, urging that Howitt's refusal to appear for a deposition warranted dismissal. Doc. No. 143. Howitt opposed, accused Morse's counsel of "disablist discrimination," and asked that she be sanctioned. Doc. No. 144.

On October 21, 2026, Judge Boal issued a report and recommendation ("R&R") in which she recommended dismissal of this action as a sanction for Howitt's failure to appear for a deposition in violation of three court orders, the last of which had warned him of dismissal as a possible consequence. Doc. No. 158. Howitt filed a one-page objection to Judge Boal's R&R

[3] The record contains email excerpts that show communications from and on behalf of Morse's attorney asking Howitt to confirm his appearance, explaining that a court reporter was scheduled to appear and would charge Morse unless the deposition was cancelled more than twenty-four hours in advance, and continuing to seek clarification from Howitt about his attendance less than twenty-four hours before the deposition was scheduled to commence. Doc. No. 162 at 4.

less than two hours after it issued. Doc. No. 159. Attached to the objection was a letter from a doctor dated July 10, 2026. Doc. No. 159 at 2. It notes Howitt "has difficulty with in person appearances due to side effects from his medication," then states "[v]irtual attendance is strongly recommended." Id.

This Court scheduled a conference to discuss the matter with the parties. Doc. No. 160. Defense counsel represented during the conference that, if Howitt's claims were dismissed as Judge Boal recommended, Morse would not seek to pursue her counterclaim and would instead invite its dismissal as well. After the conference, Howitt filed motions seeking an opportunity to appear in person for a deposition and requesting a further status conference. Doc. Nos. 162, 163. In his objection, during the conference, and in the two subsequent motions, Howitt assured the Court that he now understands he must appear for a deposition and is willing to do so.

The Court has reviewed carefully Judge Boal's R&R, Howitt's objection and subsequent motions, and the entire record in this case. In the unusual scenario presented here, the Court agrees with Judge Boal that dismissal is warranted as a sanction for Howitt's vexatious approach to litigating this case and his repeated refusal to comply with court orders requiring him to attend his deposition in person. The Court endorses the reasoning set forth by Judge Boal in its entirety. Doc. No. 158 at 5–8. Three points are worth emphasizing, as they validate Judge Boal's recommendation and underscore why dismissal is justified.

First, though he is self-represented, Howitt is no stranger to federal litigation. Over the last three years, he filed eighteen lawsuits in this Court, many of which claim discrimination in one form or another.[4] Seven of the lawsuits have spawned a combined twenty-one appeals by

[4] A search for Howitt's name on this Court's ECF yields the following lawsuits in addition to this one, in chronological order: Howitt v. President & Fellows of Harvard Coll., No. 23-cv-11793-MJJ (filed Aug. 7, 2023); Howitt v. Mass. Comm'n Against Discrimination, No. 24-cv-

Howitt to the First Circuit. This case alone gave rise to nine of those appeals—all of which challenged interlocutory orders not generally subject to immediate appeal. Though he has affirmatively and often engaged the levers of the litigation process, Howitt has repeatedly refused in this case to fulfill the obligations placed upon him in the ordinary course of that process by the governing procedural rules and by express orders of the Court.

Second, as Judge Boal has found previously, Howitt's approach to litigating this case has been marked by numerous, repetitive, and rapid-fire submissions that have burdened this Court and the defendant. See Doc. No. 88. It has also been characterized by persistent and troubling ad hominem attacks on defense counsel and the Court. E.g., Doc. No. 157 (referring to defense counsel repeatedly as a "brat");[5] Doc. No. 89 (referring to Judge Boal as "an inhumane and abusive judge who enjoys denying 99% of [Howitt's] legitimate motions" and engages in "chronic negligent, apathetic, and abuse of discretion" decisionmaking, and criticizing the undersigned for "repeated apathy, bias, and unwillingness to enforce simple" rules and orders); Doc. No. 125 (accusing Judge Boal of discriminating against Howitt and ruling "per her emotional preferences, which she does not have rule over"). The record is replete with evidence

---

11742-DJC (filed July 8, 2024); Howitt v. Ernst, No. 24-cv-11744-AK (filed July 8, 2024); Howitt v. Levine, No. 24-cv-11991-JCB (filed Aug. 2, 2024); Howitt v. City of Cambridge, No. 24-cv-11993-NMG (filed Aug. 2, 2024); Howitt v. E. Hous. Ct., No. 24-cv-11995-RGS (filed Aug. 2, 2024); Howitt v. Vinodivino, No. 24-cv-12450-AK (filed Sep. 24, 2024); Howitt v. Vorvis, No. 24-cv-12994-ADB (filed Dec. 4, 2024); Howitt v. Anderson, No. 24-cv-13199-MJJ (filed Dec. 30, 2024); Howitt v. Hilton, No. 24-cv-13200-LTS (filed Dec. 30, 2024); Howitt v. Andeway, No. 24-cv-13204-ADB (filed Dec. 30, 2024); Howitt v. Massachusetts, No. 24-cv-13207-RGS (filed Dec. 30, 2024); Howitt v. CHA Cambridge Hosp., No. 24-cv-10100-MPK (filed Jan. 14, 2025); Howitt v. Harvard Bookstore, No. 25-cv-10502-DJC (filed Mar. 3, 2025); Howitt v. Hous. & Urb. Dev., No. 25-cv-11896-IT (filed July 3, 2025); Howitt v. Anderson, No. 26-cv-12315-MJJ (filed May 21, 2026); and Howitt v. Levine, No. 26-cv-14744-JCB (filed Oct. 19, 2026).

[5] The same submission accuses defense counsel of "erupt[ing] by loudly and monstrously yelling" over Howitt during a hearing before the undersigned—a description which is wholly inconsistent with this Court's recollection. Doc. No. 157.

that Howitt lashes out with anger in response to submissions and rulings with which he disagrees. His pattern of disrespect for the litigation process and the other participants in it provides no reason for this Court to believe he will respond differently going forward—including, for example, by cooperating in good faith during a deposition (assuming he would appear as he now promises).

Third, Howitt's belated assurance that he is now willing to be deposed in person is too little, too late. His promise comes six months after Judge Boal first ordered him appear for a deposition, and only after she recommended the dismissal she had warned Howitt against previously. Cf. Doc. No. 162 at 1 (stating that Howitt "for the first time" agreed to appear for a deposition the day Judge Boal's R&R issued); Doc. No. 163 at 1 (reiterating that "this is the first time" Howitt has "agreed to attend" a deposition). The indulgence to which a self-represented litigant is entitled is not boundless. As defense counsel argued and Judge Boal noted, and in the circumstances presented including the three points emphasized herein, the Court is unable to conclude that Howitt will act any differently in the future (should this case proceed) than he has in the past. See Doc. No. 158 at 7–8.

Accordingly, the Court OVERRULES Howitt's objection (Doc. No. 159), APPROVES AND ADOPTS Magistrate Judge Boal's R&R (Doc. No. 158), ALLOWS IN PART the defendant's Second Motion for Sanctions (Doc. No. 143) to the extent described in the R&R, and DENIES Howitt's post-R&R motions (Doc. Nos. 162 and 163). Howitt's claims against Morse are DISMISSED.[6] In accordance with defense counsel's representations to the Court, Morse's

[6] The reasons stated above are the only factors in this Court's decision expressed in this Memorandum and Order. One other point bears mention, though it is not a basis for the Court's ruling. The crux of Howitt's claims in this case is an email he alleges he received from Morse, a copy of which was attached to his amended complaint. Doc. No. 17-1. This email, with its overtly discriminatory language, was a crucial consideration in the Court's denial of Morse's

counterclaim is also DISMISSED. The Clerk shall enter a judgment of dismissal, with each side to bear its own fees and costs.

SO ORDERED.

/s/ Leo T. Sorokin
United States District Judge

---

motion to dismiss. See Doc. No. 33 at 2–3, 6. Per defense counsel's representations at the recent conference, Morse denies having authored or sent the email. Further, according to counsel, a request to Harvard University (the host of the email domain at which Howitt alleges he received the message) yielded a response suggesting no such message was found in Howitt's email account (which is no longer accessible to Howitt but is subject to a litigation hold stemming from one of Howitt's other lawsuits). A review of Howitt's public filings in other cases provides cause to wonder about the authenticity of the email. Howitt sued a different person in state court in the wake of the events at issue here, accusing that person of having caused Morse to rescind her offer to rent to him, and his allegations in that case are in tension with those he advances here. See Doc. No. 30-2 at 2 ¶ 8 (alleging "Morse contacted" Howitt on July 27, 2023, "declining to rent to [him] without any explanation," and not mentioning email submitted in this case and dated July 25, 2023). Furthermore, materials Howitt has submitted in other matters include printed copies of emails that, though not identical, are strikingly similar in tone, framing, and language to the one he has offered in this case. See, e.g., Howitt v. Andeway, No. 24-cv-13204-ADB (D. Mass. Mar. 3, 2025), ECF No. 15-1; Howitt v. Harvard Bookstore, No. 25-cv-10502-DJC (D. Mass. Mar. 3, 2025), ECF Nos. 1-3, -4; Howitt v. President & Fellows of Harvard Coll., No. 23-cv-11793-MJJ (D. Mass. Feb. 11 & Apr. 4, 2025), ECF Nos. 93-1, 114. Finally, in at least one other lawsuit over which this Court also presided, Howitt's adversary challenged the truthfulness of arguments and exhibits Howitt had advanced. Compare Order at 4–5, Howitt v. Hilton, No. 24-cv-13200-LTS (D. Mass Oct. 1, 2025), ECF No. 32 (dismissing action for reasons that included mention of Howitt's failure to file MCAD charge), and id. (June 28, 2025), ECF No. 30-2 (arguing in email to opposing counsel before dismissal that MCAD filing was unnecessary but not suggesting charge had been filed), with id. (Oct. 8, 2025), ECF Nos. 40-1, 42-1 (submitting emails with motion to reconsider dismissal purporting to show MCAD charge had in fact been filed in October 2023), and id. (Oct. 23, 2025), ECF No. 43-1 (denying in sworn declaration that Hilton or its representatives ever received notice of any MCAD complaint by Howitt). These circumstances raise serious concerns. However, given the basis in this case to dismiss for the reasons Judge Boal identified and this Court has adopted, the Court declines at this time to further examine the submissions just described.